IN THE CIRCUIT COURT OF
THE TWENTIETH JUDICIAL CIRCUIT,
IN CHARLOTTE COUNTY, FLORIDA

ANDREW PERRONG, individually and
on behalf of all those similarly situated,

           **Plaintiff,**

v.

           Case No. 21001070CA

ALL AMERICAN POWER AND GAS PA,
LLC,

           **Defendant.**

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Andrew Perrong, appearing both individually and on behalf of all others similarly situated, by and through his attorneys, brings this class action against Defendant, All American Power and Gas PA LLC, based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

### NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2. Defendant All American sells energy services throughout the United States.

---

[1] The amendment to the FTSA became effective on July 1, 2021.

1

3.     Defendant All American uses automated systems to make outbound telemarketing calls to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit the purchase of their services.

4.     By doing so, Defendant All American has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059. Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their phones.

5.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the FTSA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## THE PARTIES

6.     Plaintiff Andrew Perrong is a citizen and resident of Pennsylvania.

7.     Defendant All American Power and Gas PA LLC doing business as All American Power and Gas and AAP&G is a Delaware company registered to do business in Pennsylvania, and headquartered in this Circuit at 25166 Marion Ave., Unit 113, Punta Gorda, FL 33950-4017.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000, exclusive of interest, costs, and attorneys' fees.

9.     Defendant is subject to personal jurisdiction in Florida because they are situated and headquarered in Florida and the conduct giving rise to this case was directed from Florida. Defendant made or caused to be made telephonic sales calls from Florida without the requisite prior express written consent in violation of the FTSA.

2

10. Venue for this action is proper in this Court because the facts giving rise to this action occurred in this Circuit.

## STATEMENT OF FACTS

11. Plaintiff Perrong is the subscriber and the user of the phone number h 215-725-XXXX.

12. On July 14, 2021, Plaintiff Perrong received four calls from All American.

13. The first call started with silence before a "bloop" sound and an agent joining the line. This sound is indicative of the ViciDial autodialer and is officially known as the "droplet" sound. It is played automatically as part of a macro when the Asterisk "meetme" application is executed and signifies that a new connection was established between the called party and a call center representative.

14. The caller identified himself as "Mike" calling from "All American Power and Gas" and solicited the Plaintiff to transfer energy services from his current provider to the Defendant.

15. The Plaintiff did not answer the second or third calls.

16. The fourth call, like the first call, started with silence before a "bloop" sound and an agent joining the line.

17. The caller identified himself as "Mike" calling from "All American Power and Gas" and solicited the Plaintiff to transfer energy services from his current provider to the Defendant.

18. Neither Plaintiff nor any other members of the proposed class ever provided Defendant and/or their agents with prior express written consent to receive the telephonic sales calls.

19. In response to these unsolicited telephonic calls, Plaintiff files this lawsuit seeking

3

injunctive relief requiring the Defendant to cease violating the Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

## CLASS REPRESENTATION ALLEGATIONS

20. Plaintiff seeks to represent a class of similarly situated individuals pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3), consisting of:

> **Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.

21. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

22. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

23. Members of the Class are so numerous that their individual joinder is impracticable.

24. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

25. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

26. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

27. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

28. Common legal and factual questions include, but are not limited to, whether Defendants have violated the Florida Telephone Solicitation Act ("FSCA"), Fla. Stat. § 501.059 subsection (2) and violated Plaintiff's rights in violation of Florida law; and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

29. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

30. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

31. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

32. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

33. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

34. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

35. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

36. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

37. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff and the Autodial Class

38. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff brings this claim individually and on behalf of the Autodial Class Members against Defendant.

40. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

6

41. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

42. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

43. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

44. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

45. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class under Florida Rule of Civil Procedure 1.220 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

7

(b) For an award of statutory damages for Plaintiff and each member of the Class;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Class on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

(i) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 20, 2021

Respectfully submitted,

*/s/ Avi R. Kaufman*
Avi R. Kaufman, Esq. (Florida Bar No. 84382)
**KAUFMAN P.A.**
400 Northwest 26th Street
Miami, Florida 33127
kaufman@kaufmanpa.com

8

(305) 469-5881

*Counsel for Plaintiff and all others similarly situated*