**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>TWENTIETH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>CHARLOTTE</u>   COUNTY, FLORIDA

<u>Andrew Perrong</u>
Plaintiff

Case # <u>  21001070CA  </u>
Judge _____

vs.
<u>All American Power and Gas PA, LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE   
(If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Avi Kaufman           Fla. Bar # 84382
         Attorney or party                          (Bar # if attorney)

Avi Kaufman               09/20/2021
(type or print name)              Date

IN THE COUNTY COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
CHARLOTTE COUNTY, FLORIDA
CIVIL ACTION

Plaintiff(s),

vs.                                              CASE NO: 21001070CA

Defendant(s).
_____/

**STANDING ORDER IN COUNTY CIVIL CASES IN THE
TWENTIETH JUDICIAL CIRCUIT
WITH CASE MANAGEMENT PLAN**

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial Administration 2.545, Florida Supreme Court Administrative Order AOSC 20-23 (Amendment12), and Administrative Order 1.13 (as amended) entered by the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits in the County Court, excluding Small Claims cases, in which the Florida Rules of Civil Procedure have not been invoked, and Eviction cases:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order, with the attached Case Management Plan, with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's fees for copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines and directives for the prompt processing and resolution of civil cases and the issuance of a case management plan. This Court has adopted a case management system to help meet those guidelines. In contested cases (other than Small Claims cases, in which the Florida Rules of Civil Procedure have not been invoked, and eviction cases), the parties are required to participate in the case management system. In order to meet these guidelines and directives, the Court hereby issues the Case Management Plan attached hereto. Should the parties wish to amend this plan during the course of the case, they may submit a proposed Amended Case Management Plan along with their reasons that the Court should consider approving same. The county civil Case Management Plan may be accessed on the Court's website at: http://www.ca.cjis20.org/web/main/civil.asp.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative for settling disagreements. The most common form of ADR is Mediation, which is a conference at which a Supreme Court Certified mediator, who is a specially trained third party, attempts to facilitate a settlement between the parties. The Court, at its discretion, may require the parties to participate in Mediation prior to trial, unless the parties agree to another form of ADR, such as Non-Binding Arbitration. The Court may, on its own motion or the motion of the parties, refer a case to Non-Binding Arbitration. Non-Binding Arbitration is a process in which the Court refers a case to a registered arbitrator, or panel of arbitrators, who will hear evidence and make an award. That award may become a final judgment in the case if a Motion for Trial De Novo is not filed pursuant to Fla. R. Civ. P. 1.820(h).

4. **FAILURE TO PROSECUTE.** The Court will issue a Notice of Intent to Dismiss a case if there is no record activity within a ten (10) month period of time.
5. **ELECTRONIC SERVICE (e-Service) AND ELECTRONIC FILING (e-File).** In general,

attorneys are required to designate a primary e-mail address for the purpose of serving and receiving service of pleadings (after the initial pleading), and are required to electronically file documents through the Florida Courts e-filing Portal. Self-represented litigants are not required, but are <u>encouraged</u> to file with the Clerk a designation of a primary e-mail address for the purpose of serving and receiving service of pleadings (after the initial pleading), and to electronically file documents through the Florida Courts e-filing Portal at https://www.myflcourtaccess.com. If a self-represented litigant does not designate a primary e-mail address, service by and on that self-represented litigant is to be by hand-delivery or mail and in accordance with Fla. R. Jud. Admin. 2.516, and the filing of documents by that self-represented litigant with the Clerk is to be done manually and in accordance with Fla. R. Jud. Admin. 2.525.

6. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel practicing within the Circuit and self-represented litigants. The Court requires that all parties familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp.

**DONE AND ORDERED** in Punta Gorda, Charlotte County, Florida, on April 30, 2021.

_____
HONORABLE PETER A. BELL
COUNTY JUDGE

_____
HONORABLE JOHN L BURNS
COUNTY JUDGE

2

IN THE COUNTY COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
_____ COUNTY, FLORIDA         CIVIL ACTION

_____ Plaintiff(s),

vs.                                              CASE NO:

_____ Defendant(s).
_____/

## COUNTY CIVIL CASE MANAGEMENT PLAN

The parties shall comply with the below Case Management Plan:

**Case Track Assignment[1]:**

__X__   **Expedited Track (Case to be resolved within 12 months of filing):**
(It is recommended that discovery and an alternative dispute resolution be completed within 270 days after the complaint is filed and a final disposition entered within 365 days after the complaint is filed)

_____   **Standard Track (Case to be resolved within 18 months of filing):**
(It is recommended that discovery and an alternative dispute resolution be completed within 450 days after the complaint is filed and a final disposition entered within 540 days after the complaint is filed)

_____   **Complex Track (Case to be resolved within 2 years of filing):**
(Case will likely be declared complex per Florida Rule of Civil Procedure 1.201)

**Case Deadlines and Events**

| *DEADLINE OR EVENT* | *DATE* |
|---|---|
| **Statement of Facts and/or Counterclaim(s)** | 180 days prior to trial |
| **Identification of facts the parties believe to be disputed** | 90 days prior to trial |
| **Identification of the issues of law to be decided by the Court** | 90 days prior to trial |
| **Motions to Add Parties or to Amend Pleadings** | 180 days prior to trial |
| **Disclosure of Fact Witnesses** | 180 days prior to trial |
| **Disclosure of Expert Witnesses** | 180 days prior to trial |
| **Filing of Exhibit List** | 60 days prior to trial |
| *DEADLINE OR EVENT* | *DATE* |

---

[1] Case disposition times for all Case Tracks have been established in accordance with Florida Rule of Judicial Administration 2.250(a)(1)(B). Although Standard and Complex Track cases may or may not be resolved with a jury trial, it is expected that Expedited Track cases will be resolved without a jury trial.

3

| Expert Opinion Available to Opposing Party | 120 days prior to trial |
|---|---|
| Discovery Deadline for Expert Witnesses | 60 days prior to trial |
| Completion of Alternative Dispute Resolution (ADR) | 60 days prior to trial, unless waived by the Court. |
| Deadline for Filing Dispositive Motions (Court requires filing not later than 10 days prior to the pretrial conference) | 60 days prior to trial. Must be heard not later than 30 days prior to commencement of trial period. |
| Pretrial/Trial Conference Date | An Order will be issued by the Court scheduling the Pretrial/Trial Conference. |

**Trial Information**

| Estimated Date the Case Will Be Prepared To Go To Trial. This is the estimated time the case should be ready for trial based on the Expedited Track and upon which all deadlines are based. | Expedited Track deadline is 12 months from date initial Complaint was filed. |
|---|---|
| Estimated Length of Trial | No more than 3 days. If more than 3 days are needed, the court shall be notified in writing prior to or at the pretrial conference. |
| Identification of Jury or Non-Jury Trial | Either party shall file a Notice for Trial immediately upon the case being at issue indicating jury or non-jury and length of trial. |

The above-referenced schedule of deadlines will be strictly adhered to by the parties unless a change is otherwise agreed to by the parties and approved by the Court. The Court will consider a request to approve changes to these deadlines upon a showing of good cause by either party based on matters arising from an emergency nature or unavailability. However, procrastination in the completing of discovery of counsel will not constitute good cause for a change to these deadlines. The failure to abide by these deadlines may result in sanctions by the Court, including the award of attorney's fees, the striking of pleadings, and/or a dismissal of the action.

**DONE AND ORDERED** in Punta Gorda, Charlotte County, Florida, on April 30, 2021.

_____  
HONORABLE PETER A. BELL  
COUNTY JUDGE

_____  
HONORABLE JOHN L BURNS  
COUNTY JUDGE

4

ROGER D. EATON
CHARLOTTE COUNTY CLERK OF THE CIRCUIT COURT AND COMPTROLLER
350 EAST MARION AVENUE
PUNTA GORDA, FLORIDA 33950

## Charlotte County Receipt of Transaction

### Receipt # 2021040378

KAUFMAN, AVI
CARLTON FIELDS JORDEN BURT, P.A.
100 SE 2ND STREET, 4200
MIAMI, FL  33130

Cashiered by:  kimra
On: 09/21/2021   8:05 am
Transaction # 1189307

CaseNumber:   21001070CA  ANDREW PERRONG  -VS-  ALL AMERICAN POWER AND GAS PA, LLC
Date Filed: 09/21/2021  Judge Assigned: GEOFFREY H GENTILE

| Fee Description | Fee | Prior Paid | Due | Paid | Balance |
|---|---|---|---|---|---|
| (1499) MISCELLANEOUS  - CA | 400.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| (E9103) SUMMONS ISSUED-CIR CIV | 10.00 | 0.00 | 10.00 | 10.00 | 0.00 |
| Total | 410.00 | 0.00 | 410.00 | 410.00 | 0.00 |
| Grand Total | 410.00 | 0.00 | 410.00 | 410.00 | 0.00 |

**PAYMENTS**

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| EFILE | 134906774 | OK | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |
| | | | 410.00 | 0.00 | 0.00 | 0.00 | 410.00 |

Page 1 of 1

IN THE CIRCUIT COURT OF
THE TWENTIETH JUDICIAL CIRCUIT,
IN CHARLOTTE COUNTY, FLORIDA

ANDREW PERRONG, individually and
on behalf of all those similarly situated,
                Plaintiff,

v.

ALL AMERICAN POWER AND GAS PA,   Case No. 21001070CA
LLC,
                Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant(s):

**ALL AMERICAN POWER AND GAS PA, LLC**
25166 Marion Ave., Unit 113, Punta Gorda, FL 33950-4017

    Each defendant is required to serve written defenses to the complaint or petition on Avi R. Kaufman, plaintiff's attorney, whose address is 400 NW 26th St., Miami, FL 33127, within 20 days[1] after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATE:   09/27/2021                           CLERK OF COURTS

---

[1] Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.

1

## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Jon Embury, Administrative Services Manager, whose office is located at 350 E. Marion Avenue, Punta Gorda, Florida 33950, and whose telephone number is (941) 637-2110, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

IN THE COUNTY COURT IN AND FOR THE TWENTIETH JUDICIAL CIRCUIT, IN AND FOR CHARLOTTE COUNTY, FLORIDA

CASE NO.: 21001070CA

ANDREW PERRONG, individually and
On behalf of all those similarly situated,

    Plaintiff,

vs.

ALL AMERICAN POWER AND GAS PA, LLC

    Defendant.

_____/

## DEFENDANT'S MOTION FOR EXTENSION OF TIME

Defendant, ALL AMERICAN POWER AND GAS PA ("Defendant"), by and through their undersigned counsel, hereby move this Court for a thirty (30) day extension of the deadline to file a response to Plaintiff ANDREW PERRONG ("Plaintiff")'s Class Action Complaint, and states as follows:

1. Defendant was served with the Class Action Complaint on October 25, 2021.

2. The current deadline for Defendant to respond to Plaintiff's Class Action Complaint is November 15, 2021.

3. Due to other personal and professional obligations, the undersigned counsel is in need of additional time to research the allegations in the Complaint and respond.

4. Defendant is therefore requesting a thirty (30) day extension of the deadline to respond to the Complaint, through December 15, 2021.

5. This motion is made in good faith and not for the purpose of delay. No party to this action will be unduly prejudiced by the granting of the requested extension of time.

WHEREFORE, Defendant, ALL AMERICAN POWER AND GAS PA, respectfully requests that the Court enter an order granting this Motion for Extension of Time to File Response to Plaintiff's Class Action Complaint, extending the deadline through December 15, 2021, and granting such other relief as the Court deems just and proper.

DATED:  November 12, 2021

Respectfully submitted,

MARK MIGDAL & HAYDEN
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Yaniv Adar*
    Josh A. Migdal, Esq.
    Florida Bar No. 19136
    josh@markmigdal.com
    Yaniv Adar, Esq.
    Florida Bar No. 63804
    yaniv@markmigdal.com
    eservice@markmigdal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2021, a copy of the foregoing was electronically filed through the Florida Courts E-Filing Portal which will send electronic notification of the above filing to all registered users.

*s/ Yaniv Adar*
Yaniv Adar, Esq.